In re Estate of David C. Smith, deceased.   Appeal of Annie McK. S. Williams, Martha J. Smith, Robert F. Dobbin, Charlotte M. Evans and William J. Faries, Administrator of Elizabeth Faries, deceased, and as next friend of her minor children James D., Margaret and Elizabeth Faries.

*Wills—Construction of—Vested and contingent estates.*

Testator directed as follows: "I give and bequeath the full and entire income of my whole estate, to my stepdaughter F. and my adopted son W. son of F., one-half of said income to each, that is, one-half to said F. so long as she may live, and the other half to said W. until he arives at

the age of thirty-five years, when the said W. shall receive the principal of one-half of my estate, and should his mother die prior to his reaching the said age of thirty-five years, he shall receive the whole income of said estate until that period, and then take all or the whole of my estate. . . . should my said adopted son W. die, leaving issue the property shall go to his heirs if any, in form herein devised to him, that is the interest of one-half during his mother's lifetime, and the principal at the period he would have arrived at the age of thirty-five years, say on 9th of December 1906, or the whole interest, if his mother dies before that period, and principal likewise at her death if after 1906." F. died, and her death was followed by that of W. before he reached the age of thirty-five years. W. left to survive him a widow and a posthumous son. The son subsequently died. *Held*, that the widow was entitled to the whole of testator's estate as heir at law and next of kin of her son who took a vested estate.

Argued Jan. 11, 1899. Appeal, No. 168, Jan. T., 1898, by Annie McK. S. Williams et al., from decree of O. C. Phila. Co., April T., 1884, No. 338, dismissing exceptions to adjudication. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that David C. Smith died leaving a will by which he directed as follows:

" I give and bequeath the full and entire income of my whole estate, to my step daughter Florence Moore and my adopted son William Walter—son of said Florence Moore—one half of said income to each that is, one half to said Florence Moore, so long as she may live, and the other half to said William W. until he arrives at the age of thirty five (35) years, when the said William W. shall receive the principal or one half of my estate, and should his mother die prior to his reaching the said age of 35 years he shall receive the whole income of said my estate until that period, and then take all or the whole of my estate: And I hereby appoint and designate said Florence Moore to be guardian to, and of said William Walter my adopted son, during his minority. Should my said adopted son William Walter, die leaving issue, the property shall go to his heirs if. any, in form devised herein to him, that is the interest of one half during his Mother's lifetime and the principal at the period he would have arrived at the age of thirty five years, say on 9th of December (1906) Nineteen Hundred and six, or the whole interest, if his mother, dies before that

period, and principal likewise at her death if after 1906.  In the event of the death of said Florence Moore, and said William Walter Smith without issue, then I direct that the property vested in my estate be divided as follows, viz.: "—etc.

Florence Moore, the stepdaughter of the testator named in the will, died December 22, 1895.

William Walter Smith, son of Florence Moore, and adopted son of the testator mentioned in the will, died intestate September 22, 1896, under thirty-five years of age, leaving to survive him his widow, Roberta C. Smith, and a child, David W. Smith, born posthumously December 15, 1896, which said child died October 12, 1897, leaving his mother, Roberta C. Smith, surviving.

The auditing judge, HANNA, P. J., awarded the whole estate to Roberta C. Smith.  Exceptions to the adjudication were filed by the residuary legatees named in the will.  Their contention was that the legacy to William Walter Smith was conditioned upon his reaching the age of thirty-five years; that is to say, upon his living until December 9, 1906, and he having died prior to that date, the whole estate passed to them.

The exceptions were dismissed by the court in banc, PEN-ROSE, J., filing the following opinion:

The limitation to the exceptants is only to take effect in the event of the death of the adopted son of the testator, without issue and before the time appointed for his receiving the principal of the estate, and as a son survived him, that event did not occur.  So far, therefore, as the letter of the will is concerned, their right is at an end.  Is there any evidence of intention in their favor to be gathered from a consideration of the will in its entirety ?

In the event, which happened, of the death of the adopted son leaving issue, it is provided that " the property shall go to his heirs, if any, in form devised herein to him, that is, the interest of one-half during his mother's lifetime and the principal at the period he would have arrived at the age of thirty-five years, viz., December 9, 1906, or the whole interest if his mother dies before that period, and principal likewise at her death, if after 1906." This gift to the issue ("heirs ") of the adopted son, it will be observed, includes not only the intermediate in-

come, but the "property" itself, with simply a deferred posses-
sion until the time originally appointed with regard to the
adopted son. It is a present gift, with no element of contin-
gency, and this irrespective of the intermediate gift of income
which, as the adjudications conclusively show, would do away
with the effect of words of seeming contingency if they existed;
and after the gift to issue of the adopted son has once taken
effect, there is no limitation over; the case in this respect not
being distinguishable from Reed's Appeal, 118 Pa. 215, cited in
the adjudication.

The law favors an early resting and prefers a first or inter-
mediate taker to one more remote, especially where such per-
son, as in the case of an adopted son or his issue, would be
entitled under the intestate laws.

Exceptions dismissed and adjudications confirmed absolutely.

*Error assigned* was the decree of the court.

*Dwight M. Lowrey*, with him *H. C. Thompson, Jr.*, *Edward
Hopkinson* and *Isaac S. Sharp*, for appellants.—The gift of the
principal to William in each case, that is, for each half of the
estate, is contingent in form, the language showing that the
time is annexed to the gift and not to the payment merely:
Moore v. Smith, 9 Watts, 408; McBride v. Smythe, 54 Pa. 247;
Reichard's App., 116 Pa. 232; Mergenthaler's App., 15 W. N.
C. 441.

The gift to William of the income of one half of the testator's
estate until he should attain the age of thirty-five years, and the
further gift for the like period of the income of the other one
half previously limited to his mother for life in case the mother
died before 1906, will not avail to make the legacy of principal
to William vested for any portion of the testator's estate, be-
cause there is no bequest to William of the whole income for
the whole of the period up to the date appointed for distribution
and payment, either as to the whole or either half of the testa-
tor's estate: Eager v. Whitney, 40 N. E. Rep. 1046.

The testator then considers the possibility of the death of
William, leaving issue, and directs that in such case the property
shall go to his heirs, if any, "in form devised to him." The

word " heirs " in this connection must be taken as equivalent to issue, i. e., to children : Evans's Est., 155 Pa. 646.

The legacy of principal to William is clearly contingent upon his living until 1906, but the testator declares in express terms that his gift to the children of William is " in form herein devised to him : " Cascaden's Est., 153 Pa. 170 ; Reiff's App., 124 Pa. 145 ; Whitaker's Est., 19 Pa. C. C. R. 324 ; Bell's Est., 5 Dist. Rep. 312.

The legacy to William's issue having been shown to be contingent upon his being alive at 1906, the alternative bequest to appellants must necessarily be contingent only upon the issue being dead at 1906, for the reasons above given : Batione's Est., 136 Pa. 307.

*John Cromwell Bell,* for appellee.—The general rule is that a legacy shall be deemed vested or contingent just as the time shall appear to have been annexed to the gift or the payment of it : Moore v. Smith, 9 Watts, 408 ; Provenchere's App., 67 Pa. 463 ; Roberts's App., 59 Pa. 70 ; Reed's App., 118 Pa. 215 ; Crawford v. Ford, 7 W. N. C. 532 ; Fell's App., 41 W. N. C. 288 ; King v. King, 1 W. & S. 205 ; Little's App., 117 Pa. 27 ; McClure's App., 72 Pa. 414 ; Churchman's App., 20 W. N. C. 367 ; Batione's Est., 136 Pa. 307.

If the father, William Walter Smith, would have taken a vested legacy, under the first clause of the will, standing alone, then a fortiori his issue, David W. Smith, takes a vested legacy under the second clause of the will last cited : Peterson's App., 88 Pa. 398 ; Roberts's App., 59 Pa. 70 ; Patterson v. Caldwell, 23 W. N. C. 373 ; Duffy's Est., 36 W. N. C. 199 ; Boies's Est., 177 Pa. 190 ; Boards of Missions's App., 91 Pa. 513 ; Middleswarth v. Blackmore, 74 Pa. 414.

If, therefore, David W. Smith took a vested legacy, his mother, Roberta C. Smith, appellee, is not entitled to the fund in the hands of the accountants : Reed v. Buckley, 15 Pa. 83 ; Patterson v. Hawthorn, 12 S. & R. 112 ; Roberts's App., 59 Pa. 70.

The other parties, i. e., the appellants claiming this fund, have no standing whatever under the provisions of the will : Bentley v. Kaufman, 3 W. N. C. 352 ; Eachus's App., 91 Pa. 105 ; Still v. Spear, 3 Grant's Cases, 306 ; Clark v. Baker, 3 S. & R. 470.

PER CURIAM, January 30, 1899:

We find no error in this record. The decree is affirmed on the opinion of the court in banc, dismissing exceptions and confirming absolutely the adjudication of the auditing judge, and the appeal is dismissed at appellant's costs.